IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | § | |
| | § | |
| V. | § | No. 3:16-cr-154-M |
| | § | |
| MARK REICE ANDERSON, | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER OF DETENTION**

**Background**

Pursuant to the December 15, 2016 Order Accepting Report and Recommendation of the United States Magistrate Judge Concerning Plea of Guilty [Dkt. No. 30], Chief Judge Barbara M. G. Lynn has referred this matter to the undersigned United States magistrate judge for a hearing to determine whether it has been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Mark Reice Anderson should not be detained under 18 U.S.C. § 3143(a)(2) and whether it has been shown by clear and convincing evidence that Defendant Mark Reice Anderson is not likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c).

Defendant is set for sentencing before Judge Lynn on April 21, 2017. *See* Dkt. No. 29.

As required by the Court's Order Setting Briefing Schedule and Detention Hearing, [Dkt. No. 31], Defendant filed a Motion to Continue the Defendant on Conditions of Pretrial Release Pending Sentencing. *See* Dkt. No. 32. In that motion, he

identifies the exceptional circumstances under 18 U.S.C. § 3145(c) that he contends justify his continued release post-conviction and addresses whether he is likely to flee or pose a danger to any other person or the community if released under 18 U.S.C. § 3142(b) or (c) pending sentencing. *See id.* The motion also relies on an attached affidavit of Kris White, who has been providing Defendant counseling since June 2016. *See* Dkt. No. 32-1.

The Court held a hearing on December 28, 2016 on the matters referred by Judge Lynn, at which Defendant appeared in person and through counsel and the government's counsel appeared at which Defendant's wife testified. *See* Dkt. No. 33.

## Legal Standards and Analysis

"[W]hether a defendant should be released pending trial and whether a defendant should be released pending sentencing or appeal are distinct inquiries governed by different provisions of the Bail Reform Act." *United States v. Lee*, 31 F. App'x 151, No. 01-30876, 2001 WL 1747632, at *1 (5th Cir. Dec. 4, 2001).

"The provisions of 18 U.S.C. § 3143 govern release pending sentencing or appeal." FED. R. CRIM. P. 46(c). 18 U.S.C. § 3143(a)(2) dictates that the Court "shall order that a person who has been found guilty of an offense in a case described in subparagraph (A), (B), or (C) of subsection (f)(1) of section 3142 and is awaiting imposition or execution of sentence be detained unless – (A)(i) the judicial officer finds there is a substantial likelihood that a motion for acquittal or new trial will be granted; or (ii) an attorney for the Government has recommended that no sentence of imprisonment be imposed on the person; and (B) the judicial officer finds by clear and

convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2).

As a preliminary matter, Defendant is subject to presumptively mandatory detention under Section 3143(a)(2) because he has, on a guilty plea, now been adjudged guilty of Transporting and Shipping Child Pornography in violation of 18 U.S.C. § 2252A(a)(1). *See* Dkt. Nos. 1, 21, 27, & 30. That is "an offense in a case described in subparagraph (A) ... of subsection (f)(1) of section 3142," specifically, "a crime of violence" for purposes of 18 U.S.C. §§ 3142(f)(1)(A) and 3143(a)(2), because it is a "felony under chapter ... 110," 18 U.S.C. § 3156(a)(4)(C).

Defendant therefore must be detained pursuant to Section 3143(a)(2) unless he meets both the conditions of release set forth in Section 3143(a)(2)(B) and the conditions set forth by Section 3143(a)(2)(A) or 18 U.S.C. § 3145(c).

Under Section 3143(a)(2)(B), release of "a person who has been found guilty of an offense in a case described in [18 U.S.C. § 3142(f)(1)(A)] and is awaiting imposition or execution of sentence" requires that "the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to any other person or the community." 18 U.S.C. § 3143(a)(2)(B); *accord id.* § 3143(a)(1) ("Except as provided in paragraph (2), the judicial officer shall order that a person who has been found guilty of an offense and who is awaiting imposition or execution of sentence, other than a person for whom the applicable guideline promulgated pursuant to 28 U.S.C. 994 does not recommend a term of imprisonment, be detained, unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger

to the safety of any other person or the community if released under section 3142(b) or (c). If the judicial officer makes such a finding, such judicial officer shall order the release of the person in accordance with section 3142(b) or (c)."); *United States v. Morrison*, 833 F.3d 491, 506 (5th Cir. 2016) ("The decision to detain Jacqueline after conviction is a common one because of the presumption in favor of detention that attaches to a convicted defendant. *See* 18 U.S.C. § 3143."); *United States v. Lopez*, 504 F. App'x 297, 298 (5th Cir. 2012) ("A defendant who has been convicted 'shall ... be detained' pending sentencing 'unless the judicial officer finds by clear and convincing evidence that the person is not likely to flee or pose a danger to the safety of any other person or the community if released.' Thus, there is a presumption against release pending sentencing." (footnotes omitted)). As the United States Court of Appeals for the Fifth Circuit has repeatedly recognized, Federal Rule of Criminal Procedure 46(c) imposes the burden on a convicted defendant seeking release under 18 U.S.C. §§ 3143(a)(1) or 3143(a)(2) pending sentencing to show by clear and convincing evidence that he is not a flight risk or a danger to the community. *See* FED. R. CRIM. P. 46(c) ("The burden of establishing that the defendant will not flee or pose a danger to any other person or to the community rests with the defendant."); *United States v. Lockett*, 549 F. App'x 269 (mem.), No. 13-11097, 2013 WL 6623771, at *1 (5th Cir. Dec. 17, 2013).

A defendant subject to presumptively mandatory detention under Section 3143(a)(2) must also meet the conditions of release set forth in Section 3143(a)(2)(A) or Section 3145(c). Defendant cannot, and does not claim that he can, satisfy the

Section 3143(a)(2)(A) showings that either the judicial officer find that there is a substantial likelihood that a motion for acquittal or new trial will be granted or that an attorney for the government has recommended that no sentence of imprisonment be imposed on Defendant.

18 U.S.C. § 3145(c) provides that "[a] person subject to detention pursuant to [18 U.S.C. §] 3143(a)(2) or (b)(2), and who meets the conditions of release set forth in [18 U.S.C. §] 3143(a)(1) or (b)(1), may be ordered released, under appropriate conditions, by the judicial officer, if it is clearly shown that there are exceptional reasons why such person's detention would not be appropriate." As reflected in the Report and Recommendation Concerning Plea of Guilty [Dkt. No. 27], Section 3145(c) provides an alternative basis for pre-sentencing release under exceptional circumstances, so long as Defendant also makes the required showing under Section 3143(a)(1) and 3143(a)(2)(B) – that is, a showing by clear and convincing evidence that Defendant is not likely to flee or pose a danger to the safety of any other person or the community if released under 18 U.S.C. § 3142(b) or 3142(c) pending sentencing. *See United States v. Carr*, 947 F.2d 1239, 1240 (5th Cir. 1991).

Defendant contends that, since the time of his contested pretrial detention hearing, he "has met all the terms of that release in an exemplary fashion" and that, "[s]ince the time of that hearing and the Court's order of release, the only changes in Mr. Anderson's status is his perfect compliance with his home confinement monitoring order, his mental health recovery and continued progress, and his continuing mental health counseling." Dkt. No. 32 at 2. Defendant further contends that he

has no prior criminal convictions or, for that matter, any prior arrests. There are no allegations of him using violence or threatening anyone. He lives with his wife and he has lived in the North Texas area for the last 32 years. Mr. Anderson is currently under the care of licensed clinical social worker/licensed sex offender treatment provider/licensed marriage family therapist Kris White. At the time of his release, Mr. Anderson was severely depressed and dealing with suicidal ideations. As a result of his home confinement and counseling, his depression has significantly lessened, he no longer has suicidal ideations, and he has begun addressing his severe childhood abuse and neglect. An Affidavit from Mr. White is attached hereto as Exhibit "A."

Mr. Anderson has admitted his guilt and taken responsibility for his conduct. He is prepared to accept the judgment of the District Court. Undersigned counsel has advised him of the consequences of his plea and has reviewed with him the relevant sentencing guidelines. We do not have a guideline calculation from United States Probation as the Presentence Report is not due until February 15, 2017. Undersigned counsel has reviewed the discovery, the Indictment, and the Factual Resume and believes Mr. Anderson is facing a lengthy prison sentence. Taking all of these factors into consideration, particularly the most recent pretrial services report, the Court should find that Mr. Anderson is not likely to flee or pose a danger to any other person or the community.

*Id.*; *see also id.* at 5 ("Mr. Anderson poses no danger to any person or to the community. He has no prior convictions and no prior arrests. His conduct while on pretrial release has been exemplary and demonstrates by clear and convincing evidence that he is neither a flight risk nor danger to the community.").

Although Defendant asserts that he "has clearly met his burden of proof that he is not a flight risk or poses a danger to the community," he acknowledges that "he still must establish that there are exceptional reasons why his post-plea, pre-sentencing detention would not be appropriate." *Id.* at 3. And, in fact, as the Court explained at the end of the hearing, the Court determines that, here, the issue of Defendant's presentencing release begins and ends with whether the Court's determination that

Defendant has not "clearly shown that there are exceptional reasons why [his] detention [pending sentencing] would not be appropriate." 18 U.S.C. § 3145(c).

Defendant contends that "[t]here are clearly a number of reasons why Mr. Anderson should not be detained until sentencing" and lists "those general reasons" – "1. Mr. Anderson is not a flight risk; 2. Mr. Anderson is not a risk of danger to the community; 3. Mr. Anderson has successfully complied with all conditions of release; 4. Mr. Anderson has successfully passed all drug screenings; 5. Mr. Anderson has fulfilled all of his familial responsibilities; 6. Mr. Anderson has started receiving pre-sentencing treatment for sex offender counseling; 7. Mr. Anderson is a first time offender; 8. Mr. Anderson is putting his business affairs in order; and 9. Mr. Anderson has sought and received weekly spiritual counseling through his minister and the Elders of his church" – but candidly admits that, "[a]lthough compelling, the above reasons appear to be personal and not exceptional within the meaning of the statute, 18 U.S.C. §3145(c)." Dkt. No. 32 at 3.

Instead, Defendant asserts that, although "[a] general reference to 'receiving counseling' does not equate as exceptional," "Mr. Anderson's circumstances and the counseling he is receiving are so unique as to be exceptional." *Id.* at 4. According to Defendant,

> [a]t the time of Mr. Anderson's initial arrest, he was extremely severely depressed and suffering from suicidal ideations. Upon his release, he began receiving counseling from Kris White, LCSW, LSOTP, LMFT. As a result of his counseling, the depression has been materially reduced, the suicidal ideations have almost disappeared. Mr. Anderson has recognized and begun to identify the root cause of his severe depression, his denial, and the source of his aberrant behavior.

-7-

> Mr. White cannot administer the kind of counseling and therapy Mr. Anderson needs if Mr. Anderson is incarcerated. If Mr. Anderson remains released, pending sentencing, then he will be able to continue (and possibly complete) the individualized counseling necessary to: (1) learn coping mechanisms to address his severe depression; (2) remove the thinking that led to suicidal ideations; and (3) obtain a level of mental health that will allow him to aid the Trial Court in its sentencing decisions and the prison authorities in their incarceration and rehabilitation functions.

*Id*. In his affidavit, Mr. White testifies that he

> began counseling Mark Anderson in June of 2016 after his release from his arrest. At the time of my initial sessions with Mark, he was severely depressed, dealing with suicidal ideations, and mostly unaware of the severe childhood neglect that led to his aberrant behavior.
>
> During counseling sessions at my office, Mark's depression has significantly lessened, his suicidal ideations have mostly disappeared, and he has . Upon his release, he began receiving counseling from Kris White, LCSW, LSOTP, LMFT. As a result of his counseling, the depression has been materially reduced, the suicidal ideations have almost disappeared, and he has had a breakthrough in seeing how is childhood neglect led to his current situations.
>
> If Mark could receive additional therapy and treatment, he could reduce his depression even further and completely eliminate his suicidal ideation. Although long term counseling is recommended, counseling of even eight to ten more weeks could go most of the distance in addressing those three areas and preparing Mark for incarceration.
>
> The kind of therapy that I am doing with Mark cannot successfully be administered in an incarceration facility.

Dkt. No. 32-1 at 2 of 4. Defendant therefore contends that his "mental health circumstances are unique to him and are quite exceptional." Dkt. No. 32 at 5.

The Fifth Circuit has explained that the "exceptional reasons" provision "was added to § 3145(c) with the mandatory detention provisions of § 3143(a)(2) and (b)(2) and was apparently designed to provide an avenue for exceptional discretionary relief from those provisions." *Carr*, 947 F.2d at 1240. The United States Court of Appeals for

the Second Circuit offers a working definition of "exceptional reasons": "a unique combination of circumstances giving rise to situations that are out of the ordinary." *United States v. DiSomma*, 951 F.2d 494, 497 (2d Cir. 1991). That court also explained that, in assessing reasons proffered as the basis for release under Section 3145(c), "a case by case evaluation is essential." *Id.*

The United States Court of Appeals for the Eighth Circuit has similarly explained that "'exceptional' means 'clearly out of the ordinary, uncommon, or rare.'" *United States v. Little*, 485 F.3d 1210, 1211 (8th Cir. 2007) (citation omitted); *see also United States v. Velarde*, 555 F. App'x 840, 841 (10th Cir. 2014) ("The statutory reference to *exceptional* reasons has real substance; circumstances that do not extend beyond the ordinary provide no basis for release under § 3145(c)." (emphasis in original)); *United States v. Mutte*, 383 F. App'x 716, 718 (10th Cir. 2010) ("[E]xceptional means clearly out of the ordinary, uncommon, or rare. An assessment of reasons proffered as the basis for release pending appeal a case by case evaluation. [A] wide range of factors may bear upon the analysis. The district court has broad discretion ... to consider all the particular circumstances of the case before it and draw upon its broad experience with the mainsprings of human conduct. The question is whether, due to any truly unusual factors or combination of factors (bearing in mind the congressional policy that offenders who have committed crimes of violence should not, except in exceptional cases, be released ...) it would be unreasonable to incarcerate the defendant pending appeal." (citations and internal quotation marks omitted)). One court has explained that, "to avoid emasculating the mandatory detention statute[,]

'exceptional reasons review is limited to determining whether remanding the defendant to custody until sentencing would be tantamount to subjecting individuals to unjust detention.'" *United States v. Thomas*, No. 10-cr-229, 2010 WL 3323805, at *2 (D.N.J. Aug. 20, 2010) (quoting *United States v. Christman*, 712 F. Supp. 2d 651, 655 (E.D. Ky. 2010)).

District courts in this circuit have noted a variety of circumstances that do not rise to the level of exceptional reasons why detention would not be appropriate. *See United States v. Cyrus*, No. 10-0228-04, 2010 WL 5437247, at *1-*2 (W.D. La. Dec. 27, 2010) (need to "secure his home and attend to other personal matters" were not exceptional reasons justifying release pending sentencing); *United States v. Douglas*, 824 F. Supp. 98, 99-100 (N.D. Tex. 1993) (defendant's cooperation with the government that subjected him to potential retaliation by co-defendants and his attempts at rehabilitation did not constitute exceptional reasons); *United States v. Dempsey*, No. 91-098, 1991 WL 255382, at *1-*2 (E.D. La. Nov. 19, 1991) (poor health, emotional and mental problems, and need to properly prepare his business and his family for his long absence were not exceptional circumstances); *United States v. Scott*, No. 1:95-CR-80-1, 1995 WL 723752, at *1-*2 (E.D. Tex. Nov. 22, 1995) (need to assist parent was a purely personal reason that was no more exceptional than those routinely rejected by courts); *see also United States v. Landry*, No. CR 15-32-JWD-SCR, 2015 WL 5202458, at *2-*4 (M.D. La. Sept. 4, 2015); *United States v. Posada*, 109 F. Supp. 3d 911, 912-16 (W.D. Tex. 2015).

The Court determines – as have other courts when presented with similar

arguments for presentencing release – that Defendant's proffered reasons for continuing his release are not, in and of themselves or taken together, a unique combination of circumstances giving rise to a situation that is out of the ordinary to the point that his detention pending sentencing would not be appropriate. In light of Section 3142(a)(2)'s mandate, as Defendant recognizes, the facts that a defendant has been compliant and behaved commendably on release – as Defendant undisputedly has here – and that he may be likely to continue to comply with his release conditions do not amount to exceptional reasons why his detention pending sentencing would not be appropriate or, put another way, why remanding him to custody until sentencing would be unreasonable or tantamount to subjecting him to unjust detention.

Defendant's successful participation in mental health counseling, while also commendable, likewise does not, standing alone or in combination with his other proffered reasons, qualify as such clearly out of the ordinary, uncommon, or rare circumstances as to justify continued release under Section 3145(c). In essence, Defendant asserts that his need for mental health counseling and the success so far of that treatment are so extraordinary as to make presentencing detention inappropriate because it would preclude another 8 to 10 weeks of counseling that will further advance that successful therapy and will assist Judge Lynn in evaluating Defendant at sentencing and assist Defendant in coping with prison and achieving rehabilitation while incarcerated. Those are worthy goals, but, after carefully considering counsel's arguments and Mrs. Anderson's and Mr. White's testimony, the Court finds that Defendant has not shown that his circumstances are so different from those other

similarly situated defendants, including those convicted of a child pornography offense, who also may wish to continue therapy and show the sentencing judge progress on release up to the point of the hearing, as to constitute exceptional reasons why Defendant should not be detained pending sentencing in the face of the legal presumption that he should be. *See, e.g., United States v. Brown*, 368 F.3d 992, 993 (8th Cir. 2004) ("As to the district court's desire that Brown remain in treatment pending assignment, we agree with the courts that have held that a defendant's participation in a treatment program is not an extraordinary reason, and we disagree with the courts that have held to the contrary." (citations omitted)); *Jones v. United States*, No. 5:08-CR-290-FL-1, 2011 WL 6780786, at *4 (E.D.N.C. Dec. 27, 2011) ("None of the purportedly 'exceptional' circumstances identified by petitioner – the supposed non-violent character of his particular crime of violence, his cooperation with authorities, his procurement of psychiatric counseling, or his desire to continue his efforts to provide care for his children – constitute circumstances which the court would deem exceptional.").

## Conclusion

Accordingly, the Court finds that it has not been clearly shown that there are exceptional circumstances under 18 U.S.C. § 3145(c) why Defendant Mark Reice Anderson should not be detained under 18 U.S.C. § 3143(a)(2), DENIES Defendant's Motion to Continue the Defendant on Conditions of Pretrial Release Pending Sentencing [Dkt. No. 32], and ORDERS that, under 18 U.S.C. § 3143(a)(2), Defendant Mark Reice Anderson be detained pending sentencing.

It is therefore ORDERED that Defendant Mark Reice Anderson be, and he is hereby, committed to the custody of the Attorney General and United States Marshal for further proceedings.

It is ORDERED that Defendant Mark Reice Anderson, while being so held, be afforded reasonable opportunity for private consultation with counsel.

SO ORDERED.

DATED: December 28, 2016

DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE